UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

JAMES C. MULLHOLLAND, JR.                    Case #: HL10-01275
                                             Chapter 13
                                             Hon. Jeffrey R. Hughes
         Debtor.                             Filed: February 5, 2010
_____/ /

### TRUSTEE'S MOTION TO CONVERT
### CHAPTER 13 CASE TO A CHAPTER 7 CASE

NOW COMES Mary K. Viegelahn, by through her attorney, David W. Van Zyl, and for her Motion to Convert this Chapter 13 Case to a Chapter 7 Case under 11 U.S.C. §1307(c) says:

1. That the Debtor filed a Chapter 13 Bankruptcy on February 5, 2010.

2. That the Debtor filed a short-form filing with a Plan, but the Plan has no payment information and does not include the necessary information to administer the Plan. That the Debtor's case was filed without Schedules, Statement of Financial Affairs, Means Test, or a comprehensive or coherent Plan. The additional required filings were due on February 19, 2010 and still have not been filed.

3. That the Debtor did file a Motion to Extend Time to file the schedules and the other necessary documents but the Trustee has objected since simply because the Debtor has over 200 creditors and the person who has the information, presumably the Debtor since he would be the person with the necessary information, concerning these files has been in Florida since the petition was filed is not a sufficient basis to grant an extension.

4. That the Debtor has not made any payments and the first full monthly payment will be due on March 7th.

5. That there is also a potential eligibility issue because information provided by the

Debtor which indicates there may be more than 200 creditors and 500 tenants with deposits presumably due. Also, there may be 200 parcels of real estate with numerous mortgages. Also, the Debtor's Petition states that liabilities are $10,000,001 to $50 million. Based on information received the debt to Wolverine Bank is $2.6 million. The Debtor is a co-obligor on this debt and the debt is secured by various parcels of real property. Pursuant to 11 U.S.C. §109 the secured debt limit is $1,010,650.00.

6.     That the Trustee believes this case would be better administered as a Chapter 7 case.

**WHEREFORE,** the Trustee moves that this Chapter 13 Case be **CONVERTED** to a Chapter 7 Case.

        MARY K. VIEGELAHN
        CHAPTER 13 TRUSTEE

March 1, 2010        By:   /s/ David W. Van Zyl

Business Address:        David W. Van Zyl (P39875)
415 W. Michigan Ave.
Kalamazoo, MI 49007
616.343.0305