UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In Re:

JAMES C. MULHOLLAND, JR.                                Case No. 10-01275-jrh
                                                        Chapter 13
                                                        Hon. Jeffrey R. Hughes

    Debtor,

_____/

## MOTION TO DISMISS CHAPTER 13

Secured Creditor Wolverine Bank (the "Bank") moves to dismiss this Chapter 13 proceeding under 11 U.S.C. §1307(c). In support of their motion, the Bank states as follows:

1. The Debtor filed this voluntary Chapter 13 proceeding on February 5, 2010.

2. The Debtor did not timely file the schedules required by 11 U.S.C. §521(1), and the United States Trustee has filed a request for conversion to Chapter 7 pursuant to 11 U.S.C. §1307(c)(9). The failure to comply with 11 U.S.C. §521(1) and/or other minimal requirements of the Code after filing a voluntary petition constitutes cause to dismiss or convert this case.

3. Pursuant to 11 U.S.C. §109(e), the Debtor is not eligible for relief under Chapter 13 of the U.S. Bankruptcy Code. The Chapter 13 Trustee and the United States Trustee have both filed motions to dismiss or convert this case because it is apparent that the Debtor violates the debt ceiling for both secured and unsecured debts. Specifically, the Debtor is a direct obligor to Wolverine Bank for secured commercial debt in an amount which exceeds $2,600,000.00. Furthermore, the Debtor has identified more than 200 individual unsecured creditors in their initial bankruptcy filings. The total of the Proofs of Claim filed by only a small percentage of these unsecured creditors to date exceeds $575,000.00.

4. The bankruptcy estate consists of the Debtor's ownership interest in multiple residential rental properties as a joint tenant. The Bank holds a first mortgage, and an assignment of all leases and rents, with respect to all of those properties. There do not appear to be any other estate assets to be administered. There is no benefit to the estate or creditors from the continued administrative expenses of a bankruptcy proceeding under Chapter 7.

5. The Debtor is guilty of unreasonable delay which has prejudiced the rights and interests of his creditors.

6. Conversion of this case to Chapter 7 is improper because there is no basis for the Court to determine that the Debtor is eligible for relief under that chapter of the U.S. Bankruptcy Code. The Debtor has not filed the schedules, means test data or other financial disclosures from which to determine eligibility for Chapter 7 relief. Therefore, pursuant to 11 U.S.C. §1307(g), this case should be dismissed rather than converted to Chapter 7 as requested by the U.S. Trustee and the Chapter 13 Trustee.

7. The Debtor is not proceeding in good faith in this case, and has intentionally filed a petition seeking Chapter 13 relief for which he is clearly ineligible to wrongfully obtain extended protection of the automatic stay. An Order dismissing this case under should therefore include a 180-day bar to re-filing a subsequent Petition under 11 U.S.C. §109(g)(1).

8. The Bank unsuccessfully sought concurrence in the relief requested by this motion prior to filing

9. The Bank's proposed Order to Dismiss is attached as Motion Exhibit A.

Wherefore, Wolverine Bank requests that this Chapter 13 proceeding be dismissed.

    Respectfully submitted,

    Simon, Galasso & Frantz, PLC

    /S/ *John P. Tragge*
    John P. Tragge (P46964)
    Attorneys for Wolverine Bank
    363 W. Big Beaver, Ste. 250
    Troy, MI 48084
    248-720-0290
    (248) 720-0291 Fax
    jtragge@sgfattorneys.com

Dated: March 3, 2010